20-498/jhl/smc

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

**DERRIAN GEATHERS**,

       Plaintiff,

vs.

**CITY OF MARGATE, MARGATE POLICE
DEPARTMENT**, and **ADAM SPEZIALE**,

       Defendants,

_____/

## <u>DEFENDANTS' NOTICE OF REMOVAL AND MEMORANDUM OF LAW</u>

Defendants, City of Margate ("City"), Margate Police Department ("Margate PD"), and Officer Adam Speziale ("Officer Speziale") by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441(a), & 1446(b)(3), hereby provide this Notice of the Removal of the above captioned action from the Seventeenth Judicial Circuit Court in and for Broward County to the United States District Court for the Southern District of Florida, Fort Lauderdale Division and state as follows[1]:

1.    Plaintiff, Derrian Geathers (hereinafter "Plaintiff"), originally filed his Complaint in the Seventeenth Judicial Circuit Court in and for Broward County on June 17, 2020 (Case No. CACE-20-009934). *See Complaint attached as Exhibit A.* Plaintiff obtained service upon Officer Speziale on July 14, 2020 and attempted service on July 14, 2020 for the City of Margate and the Margate Police Department; however, to date Plaintiff has not obtained proper service upon

---

[1]    By filing this Notice of Removal, Defendants do not otherwise consent to propriety of service of process.

Defendant City of Margate. Also, Margate Police Department is not a separate entity from the City of Margate and is thus not a properly named defendant. *See Exhibit B, Service on Officer Speziale, and Exhibit C, Attempted Service on Margate Police Department/City of Margate.*

2.      Plaintiff's Complaint attempts to allege two counts: (1) a claim for false imprisonment against the City and Margate PD; and (2) a claim under 42 U.S.C. § 1983 against Officer Speziale alleging a Fourth Amendment violation for illegal search and seizure.

3.      Pursuant to 28 U.S.C. §1331, this Court now has original jurisdiction over this action, as Plaintiff's proposed 42 U.S.C. § 1983 civil action against Officer Speziale arises under the Constitution and laws of the United States.  Pursuant to 28 U.S.C. §§ 1331 & 1441(a), the Defendants may remove this action to this Court.

4.      The false imprisonment alleged under state law against the City and Margate PD may also be removed to federal court, as they are pendent claims for which the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Pursuant to 28 U.S.C. § 1441, a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed the case in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. The United States District Court for the Southern District of Florida is the applicable U.S. District Court for claims arising out of Broward County. Furthermore, the actions alleged in the Complaint occurred in Broward County, and all parties are residents of, or municipal entities operating in Broward County. Therefore, venue is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

6.      Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely.  28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

7.      This Notice is timely, being filed within thirty (30) days service of Plaintiff's Complaint from July 14, 2020 on Defendant Officer Speziale and attempted service on the City of Margate and Margate Police Department. *See Exhibits "B", "B1", and "C."*

8.      In accordance with 28 U.S.C. § 1446(a), attached hereto as exhibits are copies of all documents filed in the state court action. *See Composite Exhibit D.*

9.      Concurrent with the filing of this Notice of Removal with this Court, the Defendants will provide Notice of Removal to the Plaintiff through the attorney of record in the State Court Action, as required by 28 U.S.C. Section 1446(d), as well as notice to the Clerk of the Court in and for the Seventeenth Judicial Circuit Court for Broward County, State of Florida.

10.     Copies of the Defendants' signed consents are attached hereto as Composite Exhibit "E."

WHEREFORE, Defendants, City of Margate, Margate Police Department, and Officer Adam Speziale, respectfully request that this Honorable Court, pursuant to 28 U.S.C. §1441, grant an Order in favor of the Defendants to remove this action to the United States District Court for the Southern District of Florida.

Respectfully submitted,

/s/ Lyman H. Reynolds, Jr. _____
LYMAN H. REYNOLDS, JR., ESQ.
Florida Bar No: 380687
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
              lreynolds@rrbpa.com
Email: lreynolds@rrbpa.com
        bsmith@rrbpa.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 11th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

/s/ Lyman H. Reynolds, Jr. _____
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:            GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:        CACE-20-009934 (21)
OUR FILE NO.:    20-498

## **COUNSEL LIST**

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
         bsmith@rrbpa.com
FBN: 380687

Case Number: CACE-20-009934 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

              Plaintiff,                    CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

              Defendants.

_____/

## COMPLAINT

Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE

("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and

Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00)

exclusive of interest and cost.

2.     That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a

resident of Broward County, Florida and otherwise sui juris.

3.     That at all times material hereto, Defendant, CITY OF MARGATE is a political

division of the state of Florida in which this Court sits.

4.     That at all times material hereto, Defendant, MARGATE POLICE

DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE

DEPARTMENT was a Constitutional Officer of the State of Florida.

5.     That at all times material hereto, Defendant MARGATE POLICE



EXHIBIT
A

DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8.      That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9.      That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10.     On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11.     Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12.     Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13.     Venue is proper in this district because it is where the events complained of occurred.

14.     This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

## FACTS

15.     That at all times material hereto, as part of Police Department's operation, Speziale is and was employed as a police officer and Police Department is responsible for the actions of Speziale as alleged below.

16.     That on or about February 25, 2019, Speziale was on road patrol.

17.     Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that the tag check revealed that the registered owner of the vehicle had a suspended license.

18.     Speziale put this claim in his report.

19.     Speziale had no reason or suspicion to run Plaintiff's tag.

20.     There was no reason for Speziale to stop Plaintiff.

21.     Speziale did not know if Plaintiff, who was the driver of the vehicle was the registered owner of the vehicle.

22.     Speziale did not know if Plaintiff had a suspended driver's license.

23.     Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.     Speziale determined that Plaintiff was the registered owner of the vehicle after the traffic stop.

25.     Speziale then placed Plaintiff in handcuffs and arrested him.

26.     Speziale claimed in his report that Plaintiff had three prior convictions for driving with a suspended license.

27.     Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.     Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.     Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.     Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.     Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.     The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.     On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.     The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.     Speziale had no lawful reason to arrest Plaintiff.

## COUNT I – STATE TORT OF FALSE IMPRISONMENT
## AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT

36.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37. City operated Police Department.

38. Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39. City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40. As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41. On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42. On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43. On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44. On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45. On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46. On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

prosecuted for a crime he did not commit.

47.    Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.    The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.    As a result of the actions of Speziale, Plaintiff suffered damages.

50.    Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.    Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.    As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

**COUNT II– 42 U.S.C. § 1983**
**FOURTH AMENDMENT VIOLATION FOR FALSE ARREST**
**AGAINST OFFICER ADAM SPEZIALE**

53.      Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.      While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.      Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.      Plaintiff suffered damages as a result of being falsely arrested.

57.      The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

**Yeboah Law Group, P.A.**
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

Page 7 of **8**

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

           Plaintiff,                       CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

           Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

**ADAM SPEZIALE**



### PLEASE READ CAREFULLY

      Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD. AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on                JUN 18 2020     .

                         BRENDA FORMAN
                         As Clerk of the Court

                         By: _____
                         As Deputy Clerk  BRENDA D. FORMAN

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or _____ hearing or voice impaired.

**EXHIBIT**

B

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

               Plaintiff,                     CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

               Defendants.

_____/

*[handwritten: CIN #850  09·14·2020  2:25pm]*

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

**ADAM SPEZIALE**



**PLEASE READ CAREFULLY**

      Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on            JUN 18 2020     , ____.

                            BRENDA FORMAN
                            As Clerk of the Court

*[seal: CLERK OF CIRCUIT & COUNTY COURT · IN GOD WE TRUST · FLORIDA · BROWARD COUNTY]*

By: _____
           As Deputy Clerk  **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

**EXHIBIT**
**B₁**

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vois. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

2

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

        Plaintiff,                          CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

        Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

**MARGATE POLICE DEPARTMENT**
**5790 MARGATE BLVD.**
**MARGATE, FL 33063**

**PLEASE READ CAREFULLY**

    Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE 3RD AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    Dated on _____    JUN 18 2020

                        BRENDA FORMAN
                        As Clerk of the Court

                        By: _____
                        As Deputy Clerk **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

*(Handwritten: UN #850  07·14·2020  1·48pm)*

**EXHIBIT**
**C**

Case Number: CACE-20-009934 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

        Plaintiff,                     CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or
Petition in the above-styled cause upon Defendant:

### CITY OF MARGATE

**By Serving:**

### CITY OF MARGATE MAYOR'S OFFICE
### 5790 MARGATE BLVD.
### MARGATE, FL 33063

### PLEASE READ CAREFULLY

      Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL
YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE,
Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this
court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      Dated on                  JUN 18 2020

                                       BRENDA FORMAN
                                       As Clerk of the Court

                              By: _____
                                  As Deputy Clerk  **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who
needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren
Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale,

EXHIBIT

D

Florida 33301, or at (954) 831-6364.  This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

### IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

2

Case Number: CACE-20-009934 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

            Plaintiff,                            CASE NO.;

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

            Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

**MARGATE POLICE DEPARTMENT**
**5790 MARGATE BLVD.**
**MARGATE, FL 33063**

### PLEASE READ CAREFULLY

      Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on                JUN 18 2020

                               BRENDA FORMAN
                               As Clerk of the Court

                                                (seal)

By: _____
      As Deputy Clerk **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

2

Case Number: CACE-20-009934 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

        Plaintiff,                      CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

### ADAM SPEZIALE



### PLEASE READ CAREFULLY

    Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD. AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    Dated on _____ JUN 18 2020 _____.

                                BRENDA FORMAN
                                As Clerk of the Court

                                By: _____
                                As Deputy Clerk  BRENDA D. FORMAN

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

2

Case Number: CACE-20-009954 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

              Plaintiff,                    CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

              Defendants.

_____/

## COMPLAINT

Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE

("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and

Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00)

exclusive of interest and cost.

2.     That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a

resident of Broward County, Florida and otherwise sui juris.

3.     That at all times material hereto, Defendant, CITY OF MARGATE is a political

division of the state of Florida in which this Court sits.

4.     That at all times material hereto, Defendant, MARGATE POLICE

DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE

DEPARTMENT was a Constitutional Officer of the State of Florida.

5.     That at all times material hereto, Defendant MARGATE POLICE

DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6.     That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7.     That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8.     That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9.     That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10.     On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11.     Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12.     Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13.     Venue is proper in this district because it is where the events complained of occurred.

14.    This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

## FACTS

15.    That at all times material hereto, as part of Police Department's operation, Speziale is and was employed as a police officer and Police Department is responsible for the actions of Speziale as alleged below.

16.    That on or about February 25, 2019, Speziale was on road patrol.

17.    Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that the tag check revealed that the registered owner of the vehicle had a suspended license.

18.    Speziale put this claim in his report.

19.    Speziale had no reason or suspicion to run Plaintiff's tag.

20.    There was no reason for Speziale to stop Plaintiff.

21.    Speziale did not know if Plaintiff, who was the driver of the vehicle was the registered owner of the vehicle.

22.    Speziale did not know if Plaintiff had a suspended driver's license.

23.    Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.    Speziale determined that Plaintiff was the registered owner of the vehicle after the traffic stop.

25.    Speziale then placed Plaintiff in handcuffs and arrested him.

26.    Speziale claimed in his report that Plaintiff had three prior convictions for driving with a suspended license.

27.    Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.    Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.    Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.    Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.    Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.    The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.    On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.    The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.    Speziale had no lawful reason to arrest Plaintiff.

**COUNT I – STATE TORT OF FALSE IMPRISONMENT**
**AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT**

36.    Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37.   City operated Police Department.

38.   Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39.   City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40.   As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41.   On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42.   On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43.   On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44.   On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45.   On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46.   On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

prosecuted for a crime he did not commit.

47.     Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.     The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.     As a result of the actions of Speziale, Plaintiff suffered damages.

50.     Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.     Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.     As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

**COUNT II– 42 U.S.C. § 1983**
**FOURTH AMENDMENT VIOLATION FOR FALSE ARREST**
<u>**AGAINST OFFICER ADAM SPEZIALE**</u>

53.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.     While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.     Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.     Plaintiff suffered damages as a result of being falsely arrested.

57.     The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

**Yeboah Law Group, P.A.**
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

Page 7 of 8

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Case Number: CACE-20-009954 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: _____
Judge: _____

DERRIAN GEATHERS
Plaintiff
       vs.
MARGATE POLICE DEPARTMENT, CITY OF MARGATE, ADAM SPEZIALE
Defendant

II.    **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $30,001

III.   **TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☒ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

IV.  **REMEDIES SOUGHT** (check all that apply):

☒ Monetary;

☐ Non-monetary declaratory or injunctive relief;

☐ Punitive

V.  **NUMBER OF CAUSES OF ACTION:**

(Specify)

2

VI.  **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes

☒ No

VII.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No

☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: _s/ Samuel Yeboah_
            Attorney or party

FL Bar No.: _622974_
            (Bar number, if attorney)

_Samuel Yeboah_
(Type or print name)

Date: _06/17/2020_



In the Circuit Court of the Seventeenth Judicial Circuit
In and for Broward County, Florida

Derrian Geathers
        Plaintiff

vs.

Case No: C20-9934

Judge:
Division:

        Defendant

City of margate
   et al

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD
TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two
parties.

Listed below are all the aforementioned related cases: None

Brenda D. Forman
Circuit and County Courts

By: Laquesha

Deputy Clerk

Filing # 111186085 E-Filed 08/03/2020 03:17:12 PM

20-498/shp/smc

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

               Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

               Defendants,

_____/

## AGREED MOTION FOR EXTENSION OF TIME TO
## RESPOND TO PLAINTIFF'S COMPLAINT

Comes now, Defendants, CITY OF MARGATE, MARGATE POLICE DEPARTMENT,

and ADAM SPEZIALE, by and through the undersigned counsel, pursuant to Fla. R. Civ. P.

1.090(b), and hereby moves to Enlarge the Time to Respond to the Plaintiff's Complaint and as

grounds therefore states as follows:

    1.     On June 17, 2020, Plaintiff, DERRIAN GEATHERS ("Plaintiff") filed a Complaint

against Defendants, CITY OF MARGATE (the "City"), MARGATE POLICE DEPARTMENT

(the "Police Department") and ADAM SPEZIALE ("Speziale") (collectively, Defendants).

    2.     On June 14, 2020, Plaintiff attempted to serve Defendants with the Complaint.

Subsequently, Defendants retained the undersigned counsel to respond to the Complaint.

    3.     The undersigned counsel was just recently retained in this matter and requires

additional time to respond to the Complaint.

4.      There is no trial pending in this matter at this time, and this motion is not intended for the purposes of delay. There will not be prejudice to any party should the Defendants be granted an extension of time to respond to Plaintiff's Complaint.

5.      On August 3, 2020, the undersigned contacted Plaintiff's counsel, Samuel Yeboah, Esq., who is in agreement with and does not object to this Motion.

6.      Defendants respectfully request that this Court enter an Order granting Defendants an additional seven (7) days, until August 10, 2020, to file a responsive pleading to Plaintiff's Complaint.

WHEREFORE, Defendants, CITY OF MARGATE, MARGATE POLICE DEPARTMENT, and ADAM SPEZIALE, respectfully request this Court enter an Order granting this Motion for Extension of Time to Respond to Plaintiff's Complaint, allowing Defendants an additional seven (7) days until August 10, 2020, to file a responsive pleading, and any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 3rd day of August , 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:                 GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:         CACE-20-009934 (21)
OUR FILE NO.:      20-498

### **COUNSEL LIST**

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
           bsmith@rrbpa.com
FBN: 380687

Filing # 111493045 E-Filed 08/08/2020 06:02:25 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  CACE20009934   DIVISION  21   JUDGE  Michele Towbin Singer

**Derrian Geathers**

Plaintiff(s) / Petitioner(s)

v.

**Margate Police Department, et al**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER

THIS COURT having been advised of the agreement of the parties on the Agreed Motion for Extension of Time to Respond to Plaintiff's Complaint, it is hereby ORDERED AND ADJUDED as follows:

1. The Agreed Motion for Extension of Time to Respond to Plaintiff's Complaint is hereby GRANTED.

2. Defendants, CITY OF MARGATE, MARGATE POLICE DEPARTMENT, and ADAM SPEZIALE, shall have an additional seven (7) days, until August 10, 2020, to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on 08-08-2020.

CACE20009934 O:

CACE20009934 08-08-2020 2:22 PM
Hon. Michele Towbin Singer
**CIRCUIT JUDGE**
Electronically Signed by Michele Towbin Singer

**Copies Furnished To:**
Lyman H Reynolds Jr. , E-mail : service_LHR@rrbpa.com
Lyman H Reynolds Jr. , E-mail : lreynolds@rrbpa.com
Samuel Yeboah , E-mail : service@yeboahlawgroup.com

Filing # 111531802 E-Filed 08/10/2020 01:46:10 PM

20-498/jhl/smc

**IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

        Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

        Defendants,

_____/

## <u>DEFENDANT, ADAM SPEZIALE'S ANSWER AND AFFIRMATIVE DEFENSES</u>

COMES NOW, Defendant, Officer Adam Speziale ("Officer Speziale"), by and through his undersigned counsel, and hereby files his Answer and Defenses to the Complaint filed by Plaintiff, Derrian Geathers ("Plaintiff"). In support thereof, Officer Speziale states as follows:

1.     Admitted for jurisdictional purposes only; otherwise denied.

2.     Officer Speziale is without knowledge; therefore, denied.

3.     Denied as phrased.

4.     Denied as phrased.

5.     Denied as phrased. Margate Police Department is not a proper defendant as it is not a separate legal entity from the City of Margate.

6.     Admitted.

7.     Denied as phrased. Margate Police Department is not a proper defendant as it is

1

not a separate legal entity from the City of Margate.

8.      Denied as phrased. Margate Police Department is not a proper defendant as it is not a separate legal entity from the City of Margate.

9.      Denied and strict proof is demanded thereof.

10.     Without knowledge; therefore, denied.

11.     Without knowledge, therefore, denied.

12.     Denied and strict proof is demanded thereof.

13.     Admitted for jurisdictional purposes only; otherwise denied.

14.     Denied as phrased.

## FACTS

15.     Admitted only that Officer Speziale was an officer with the City of Margate. The remainder of the allegations are denied, and strict proof is demanded thereof.

16.     Admitted.

17.     Admitted only that Officer Speziale ran a tag check on the vehicle that Plaintiff was driving. The remainder of the allegations and any inferences therefrom are denied, and strict proof is demanded thereof.

18.     Denied as phrased.

19.     Denied and demands strict proof thereof.

20.     Denied and demands strict proof thereof.

21.     Denied and demands strict proof thereof.

22.     Denied and demands strict proof thereof.

23.     Admitted.

24.     Admitted only that Plaintiff was confirmed to be the registered owner of the

vehicle he was driving. The remainder of the allegations and any inferences therefrom are denied, and strict proof is demanded thereof.

25.   Admitted.

26.   Denied as phrased.

27.   Denied as phrased.

28.   Denied and demands strict proof thereof.

29.   Denied as phrased.

30.   Denied and demands strict proof thereof.

31.   Denied and demands strict proof thereof.

32.   Admitted.

33.   Without knowledge; therefore, denied.

34.   Without knowledge; therefore, denied.

35.   Denied and demands strict proof thereof.

## COUNT I-STATE TORT OF FALSE IMPRISONMENT AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT

Paragraphs 36 through 52 are not directed at Officer Speziale, and therefore, no response is required. To the extent that a response is required, Officer Speziale denies each allegation and demands strict proof thereof, except that Officer Speziale admits he was acting within his duties at all times relevant as a police officer for the City of Margate.

## COUNT II-42 U.S.C. § 1983 FOURTH AMENDMENT VIOLATION FOR FALSE ARREST AGAINST OFFICER ADAM SPEZIALE

53.   Officer Speziale realleges and reincorporates his responses to paragraphs 1 through 52 herein as if fully set forth herein.

54.   Denied and strict proof is demanded thereof.

3

55.     Denied and strict proof is demanded thereof.

56.     Denied and strict proof is demanded thereof.

57.     Denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

58.     Officer Speziale denies each and every allegation contained in each and every paragraph of the Complaint not specifically admitted and demands strict proof thereof.

59.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against Officer Speziale under federal law.

60.     Officer Speziale has no liability for alleged false arrest/imprisonment due to the existence of probable cause.

61.     Officer Speziale is not liable for false arrest/imprisonment based upon wrong information which he had the right to rely upon.

62.     Officer Speziale has qualified immunity from liability and suit, as he was performing his discretionary duties, and he did not violate clearly established statutory or constitutional rights of which a reasonable officer would have known.

63.     Officer Speziale is not liable for false arrest/imprisonment, as even if all of Plaintiff's post-arrest information is true, it does not negate the probable cause at the time of the arrest.

64.     Officer Speziale has no liability for false arrest because Plaintiff's detention was lawful.

65.     Alternatively, Plaintiff failed to mitigate his damages.

66.     Alternatively, Plaintiff failed to timely seek or secure his release from the charges.

67.     Alternatively, Officer Speziale is not liable for any defects or any incorrect or

outdated information in the MDC/FCIC/NCIC/DAVID databases which he reasonably relied upon.

68.    Alternatively, Plaintiff's claim is barred by the doctrine as set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

69.    Officer Speziale gives notice that he intends to rely upon other such affirmative defenses as may become readily available or apparent during the course of discovery, and thus, reserves the right to amend this Answer and assert any such defense.

WHEREFORE, Defendant, OFFICER ADAM SPEZIALE, respectfully requests judgment in his favor and against Plaintiff on Count II of Plaintiff's Complaint and such other relief as just and proper, and further demands trial by jury of all issues so triable as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 10th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:       CACE-20-009934 (21)
OUR FILE NO.:   20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
           bsmith@rrbpa.com
FBN: 380687

Filing # 111531802 E-Filed 08/10/2020 01:46:10 PM

20-498/jhl/smc

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

             Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

             Defendants,

_____/

## MARGATE POLICE DEPARTMENT'S MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS COMPLAINT

COMES NOW, Defendant, Margate Police Department ("Police Department"), by and through the undersigned counsel, and moves[1] to quash the service of process on the City by Plaintiff, Derrian Geathers ("Plaintiff"), and to dismiss Plaintiff's Complaint. In support thereof, the Police Department states as follows:

1.     Plaintiff brings a two-count Complaint against the City of Margate ("City"), Margate Police Department and Officer Adam Speziale ("Officer Speziale"). Count I is against the City and Police Department for false imprisonment. The second count is against Officer Speziale for alleged violation of Plaintiff's civil rights under the Fourth Amendment. *See Exhibit A, Complaint.*

---

[1]    The Police Department makes a special appearance to contest the service of process in this case. It does not consent to service or the jurisdiction of this Court by filing the instant Motion.

2.    The City is a municipality organized under the laws of the State of Florida. *See Ex. A* at ¶ 3.

3.    The Police Department is an agency of the City, and is operated by the City. *Ex. A* at ¶ 37.

4.    On June 18, 2020, the Clerk drafted a summons to the "Margate Police Department." *See Exhibit B, Summons.*

5.    The summons was not directed to the Chief Executive Officer of the Police Department (i.e. the Chief of Police).

6.    Furthermore, no return of service has been filed in the instant case.

## MEMORANDUM OF LAW

### I.    *Motion to Quash Service of Process*

#### a.    *Standard of Review-Florida Law*

A defendant may move pursuant to Rule 1.140(b)(5) for an order quashing service of the summons on the grounds that service of process upon the party was insufficient. The appropriate remedy when service of process is invalid is to quash the attempted service of process. *Linn v. Kidd*, 714 So. 2d 1185, 1188 (Fla. 1st DCA 1998). *Accord Baraban v. Sussman*, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983).

Section 48.111(1), Florida Statutes provides the exclusive means for service of process on a municipal department or subdivision. It provides that service must be served "(a) [o]n the president, mayor, chair, or other head thereof; and in his absence; (b) on the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) on any member of the governing board, council, or commission." *See Kelly v. State of Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005) (applying Florida law). If such an entity does not have a governing board, service should

be made on the public officer being sued or the chief executive officer of the agency or department. § 48.111(2).

Florida courts require that the statutory method of service be strictly followed. *Abele v. City of Brooksville, Fl*, 273 F. App'x 809, 810 (11th Cir. 2008); *Dade Erection Service, Inc. v. Sims Crane Service, Inc.*, 379 So. 2d 423, 425 (Fla. 2d DCA 1980). The service of process is defective and must be quashed if it is not personally served on one of the above individuals. *See Abele*, 273 F. App'x at 810-11; *City of Hialeah v. Carroll*, 324 So. 2d 639 (Fla. 3d DCA 1976). The statutory method established in § 48.111 is exclusive and must be strictly followed. *Kelly*, 233 F.R.D. at 634 (citing *Dade Elevator Co.*). Moreover, once sufficiency of process is challenged, plaintiffs bear the burden of establishing proper service of process. *Shepheard v. Deutsche Bank Trust Co. v. Americas*, 922 So. 2d 340, 343 (Fla. 5th DCA 2006).

### b.  Federal Standard of Review[2]

A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84-Oc-10PRL, 2013 WL 12155961 at *6 (M.D. Fla. May 16, 2013) The plaintiff bears the burden of establishing that service of process was established in a manner that complies with Rule 4. *Developers Surety & Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491T-24TGW 2017 WL 3113469 at *2 (M.D. Fla. May 5, 2017). Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings." *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623 at *1 (M.D. Fla. July 19, 2010) (citing *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005)).

---

[2]     As the Police Department plans on removing the case to federal court, it has incorporated both Florida and federal case law for the instant motion.

In the instant case, service of process was not properly affected on the Chief Executive Officer of the Police Department as required by Section 48.111(2), *Fla. Stat.* Accordingly, Plaintiff has not strictly complied with Florida Statutes regarding service of process, and same should be quashed. Furthermore, as argued below, the Police Department is not a proper party to this suit as it is not a separate legal entity from the City of Margate.

## II.     Motion to Dismiss

### a.   Standard of Review Under Florida Law

The defense of failure to state a cause of action can - at the option of the pleader - be pled in the responsive pleading, or by a motion to dismiss. Rule 1.140(b), *Fla. R. Civ. P.* "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Garnac Grain Co., Inc. v. Mejia*, 962 So.2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." *South Riverwalk Investments, LLC v. City of Ft. Lauderdale*, 934 So.2d 620, 622 (Fla. 4th DCA 2006). However, "[a] court may not go beyond the four corners of the complaint" in determining the sufficiency of the pleadings. *Mejia*, 962 So. 2d at 410; *see also Kreizinger v. Schlesinger*, 925 So. 2d 431, 432-33 (Fla. 4th DCA 2006).

With that said, a motion to dismiss does not admit allegations that are contradicted by the record or by matters which the court may take judicial notice. *Byrne Realty Co. v. South Florida Farms Co.*, 89 So. 318, 327 (Fla. 1921); *and Mills v. Ball*, 372 So.2d 497, 498 (Fla. 1st DCA 1979). Moreover, pursuant to Rule 1.130(b), *Fla. R. Civ. P.*, "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any

motion." Finally, "[i]t is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action." *Nevada Interstate Properties Corp. v. City of West Palm Beach*, 747 So. 2d 447, 448 (Fla. 4th DCA 1999).

### b.      Standard of Review Under Federal Law

*Fed. R. Civ P.* Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and while the rule does not require "detailed factual allegations[,]" the factual allegations set forth are required to "raise a right to belief above the speculative level[.]" *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County*, 21 F. 3d 1531, 1534 (11th Cir. 1994). Although factual allegations must be accepted as true, for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle*, 833 F. Supp. 906, 910 (S.D. Fla. 1993).

### C.      The Police Department is not a proper party to this suit.

The Complaint should be dismissed with prejudice as it relates to the Police Department. as it is not a separate legal entity and does not have any legal existence separate and apart from

City. In *Ball v. City of Coral Gables*, 548 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008), the district court granted the Coral Gables Police Department's motion for summary judgment as it found that a law enforcement entity is not subject to suit if it is "an integral part of the city government as the vehicle th[r]ough which the city government fulfills its policing functions." (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). In *Corcoran*, the Third District Court of Appeal set aside the default against the city's police department as it did not have a capacity to be sued. *See also Wallace v. Dean*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (dismissal of suit proper as police departments are not usually considered legal entities subject to suit).

In the instant matter, the Margate Police Department is the department by which the City of Margate fulfills its policing functions. It has no separate existence apart from the City of Margate itself. As such, the Police Department should be dismissed from this case as a party.

### D.       *Failure to Attach §768.28 Notice Justifies Dismissal of Complaint*

In Florida, sovereign immunity is the rule, rather than the exception. *City of Orlando v. West Orange Country Club, Inc.*, 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009). However, in 1975, pursuant the authority of Art. III, §22 of the *Florida Constitution,* §768.28 *Fla. Stat.* was enacted, which, by its terms, is described as a limited waiver of the sovereign immunity of the state and its subdivisions. §768.28(5), *Fla. Stat.* ("Notwithstanding the limited waiver of sovereign immunity provided herein. . ."). This waiver of sovereign immunity is "only to the extent specified in this act." §768.28(1), *Fla. Stat.*; *Dukanauskas v. Metropolitan Dade County*, 378 So.2d 74, 76 (Fla. 3rd DCA 1979). One limitation is that there is a cap on damages that the entity can be required to pay, without further action by the Legislature. §768.28(5), *Fla. Stat.*

Another limitation is that to invoke the waiver, there are certain conditions precedent that

must be fulfilled. §768.28(6)(b), *Fla. Stat.*   One is that, although the statute of limitations on negligence lawsuits against governmental entities is four years, a notice of the specific claim of the potential plaintiff must be presented to the entity within three (3) years of the date that the claim accrues. §768.28(6)(a) & (14), *Fla. Stat.* The agency then has six months to review and investigate the claim.  If no action is taken by the agency to resolve the claim in six months, it will be deemed a denial of the claim. §768.28(6)(d), *Fla. Stat.*  However, the statute makes it clear that "the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action . . ." §768.28(6)(b), *Fla. Stat.*

It is axiomatic that the complaint must contain allegations that notice has been given prior to filing suit. *Levine v. Dade County School Board,* 442 So.2d 210, 213 (Fla. 1983)("Under section 768.28(6), not only must the notice be given before suit may be maintained, but also the complaint must contain an allegation of such notice."); *Comm. Carrier Corp. v. Indian River County*, 371 So.2d 1010, 1022 (Fla. 1979).  Since this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed. *Levine,* 442 So. 2d at 212.  Failure to comply with this condition precedent to suit is a viable defense to suit that can be raised at any time prior to or even during a trial. *Menendez v. North Broward Hospital District*, 537 So. 2d 89, 91 (Fla. 1989).  It can be decided on a motion to dismiss. *Broward County School Board v. Joseph*, 756 So. 2d 1077 (Fla. 4th DCA 2000).

Moreover, pursuant to *Fla. R. Civ. P.* 1.130(a) all documents upon which an action may be brought "**shall be incorporated or attached to the pleading**" (*emphasis supplied*). "One of the ways to reach a failure to attach a necessary exhibit is by motion to dismiss." *Safeco Insurance Company of America v. Ware,* 401 So. 2d 1129 (Fla. 4th DCA 1981) (citing *Trawick, Florida Practice & Procedure §6-15* (1980)).

Plaintiff is seeking to invoke the waiver of sovereign immunity in this action against the Police Department. Therefore, Plaintiff must attach the notice pursuant to § 768.28, *Fla. Stat.* to the Complaint to demonstrate compliance with the pre-suit notice requirements. Failure to allege or attach the notice justifies dismissal of the Complaint. Plaintiff alleges that he provided the City with written notice, but a copy of same is not attached to the Complaint. Therefore, the Complaint should be dismissed for failure to attach the required notice.

WHEREFORE, Defendant, Margare Police Department respectfully requests that this Honorable Court enter an order quashing Plaintiff, Derrian Geathers' Summons upon the Margate Police Department, dismissing Plaintiff's Complaint against the Margate Police Department with prejudice, and entering any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 10th day of August , 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:      CACE-20-009934 (21)
OUR FILE NO.:   20-498

### COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687

Filing # 111531802 E-Filed 08/10/2020 01:46:10 PM

20-498/jhl/smc

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

        Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

        Defendants,

_____/

**CITY OF MARGATE'S MOTION TO QUASH SERVICE OF PROCESS AND MOTION**
**TO DISMISS COMPLAINT**

    COMES NOW, Defendant, City of Margate ("City"), by and through the undersigned

counsel, and moves to quash the service of process on the City by Plaintiff, Derrian Geathers

("Plaintiff"), and to dismiss Plaintiff's Complaint[1]. In support thereof, the City states as follows:

    1.    Plaintiff brings a two-count Complaint against the City, Margate Police

Department ("Police Department") and Officer Adam Speziale ("Officer Speziale"). Count I is

against the City and Police Department for false imprisonment. The second count is against

Officer Speziale for alleged violation of Plaintiff's civil rights under the Fourth Amendment. *See*

*Exhibit A, Complaint.*

    2.    The City is a municipality organized under the laws of the State of Florida. *See*

*Ex. A* at ¶ 3.

---

[1]    The City makes a special appearance to contest the service of process in this case. It does
not consent to service or the jurisdiction of this Court by filing the instant Motion.

3.    The City is a municipal corporation governed by an elected City Commission.

4.    On July 14, 2020, Plaintiff attempted service of process on the City, with a summons directed to the "Margate Police Department." *See Exhibit B.*

5.    The summons and Complaint were left at the feet of an unknown City of employee.

6.    The summons was not directed to the Mayor, or other member of the City Commission.

7.    No return of service has been filed to date.

## MEMORANDUM OF LAW

### I.    *Motion to Quash Service of Process*

### a.    *Standard of Review-Florida Law*

A defendant may move pursuant to Rule 1.140(b)(5) for an order quashing service of the summons on the grounds that service of process upon the party was insufficient. The appropriate remedy when service of process is invalid is to quash the attempted service of process. *Linn v. Kidd*, 714 So. 2d 1185, 1188 (Fla. 1st DCA 1998). *Accord Baraban v. Sussman*, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983).

Section 48.111(1), Florida Statutes provides the exclusive means for service of process on a public corporation with a governing board, such as the City. It provides that service must be served "(a) [o]n the president, mayor, chair, or other head thereof; and in his absence; (b) on the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) on any member of the governing board, council, or commission." *See Kelly v. State of Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005) (applying Florida law).

Florida courts require that the statutory method of service be strictly followed. *Abele v.*

*City of Brooksville, FL*, 273 F. App'x 809, 810 (11th Cir. 2008); *Dade Erection Service, Inc. v. Sims Crane Service, Inc.*, 379 So. 2d 423, 425 (Fla. 2d DCA 1980). The service of process is defective and must be quashed if it is not personally served on one of the above individuals. *See Abele*, 273 F. App'x at 810-11; *City of Hialeah v. Carroll*, 324 So. 2d 639 (Fla. 3d DCA 1976). The statutory method established in § 48.111 is exclusive and must be strictly followed. *Kelly*, 233 F.R.D. at 634 (citing *Dade Elevator Co.*). Moreover, once sufficiency of process is challenged, plaintiffs bear the burden of establishing proper service of process. *Shepheard v. Deutsche Bank Trust Co. v. Americas*, 922 So. 2d 340, 343 (Fla. 5th DCA 2006).

### b.  Federal Standard of Review[2]

A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84-Oc-10PRL, 2013 WL 12155961 at *6 (M.D. Fla. May 16, 2013) The plaintiff bears the burden of establishing that service of process was established in a manner that complies with Rule 4. *Developers Surety & Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491T-24TGW 2017 WL 3113469 at *2 (M.D. Fla. May 5, 2017). Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings." *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623 at *1 (M.D. Fla. July 19, 2010) (citing *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005)).

In the instant case, the process server attempted to serve an unknown City employee. The summons itself is not directed to the City but directed at the Margate Police Department. Indisputably, it was not served on the Mayor or any member of the City Commission.

---

[2]      As the City plans on removing the case to federal court, it has incorporated both Florida and federal case law for the instant motion.

Accordingly, service of process on the City was improper, and should be quashed.

## II.      Motion to Dismiss

### a.  Standard of Review Under Florida Law

The defense of failure to state a cause of action can - at the option of the pleader - be pled in the responsive pleading, or by a motion to dismiss.  Rule 1.140(b), *Fla. R. Civ. P.*  "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Garnac Grain Co., Inc. v. Mejia*, 962 So.2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts."  *South Riverwalk Investments, LLC v. City of Ft. Lauderdale*, 934 So.2d 620, 622 (Fla. 4th DCA 2006).  However, "[a] court may not go beyond the four corners of the complaint" in determining the sufficiency of the pleadings. *Mejia*, 962 So. 2d at 410; *see also Kreizinger v. Schlesinger*, 925 So. 2d 431, 432-33 (Fla. 4th DCA 2006).

With that said, a motion to dismiss does not admit allegations that are contradicted by the record or by matters which the court may take judicial notice. *Byrne Realty Co. v. South Florida Farms Co.*, 89 So. 318, 327 (Fla. 1921); *and Mills v. Ball*, 372 So.2d 497, 498 (Fla. 1st DCA 1979).  Moreover, pursuant to Rule 1.130(b), *Fla. R. Civ. P.*, "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes.  Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion." Finally, "[i]t is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a

cause of action." *Nevada Interstate Properties Corp. v. City of West Palm Beach*, 747 So. 2d 447, 448 (Fla. 4th DCA 1999).

**B.      Standard of Review Under Federal Law**

*Fed. R. Civ P*. Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and while the rule does not require "detailed factual allegations[,]" the factual allegations set forth are required to "raise a right to belief above the speculative level[.]" *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County,* 21 F. 3d 1531, 1534 (11th Cir. 1994). Although factual allegations must be accepted as true, for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993).

**C. Failure to Attach §768.28 Notice Justifies Dismissal of Complaint**

In Florida, sovereign immunity is the rule, rather than the exception. *City of Orlando v. West Orange Country Club, Inc.*, 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009). However, in 1975, pursuant the authority of Art. III, §22 of the *Florida Constitution, §768.28 Fla. Stat.* was enacted, which, by its terms, is described as a limited waiver of the sovereign immunity of the state and its subdivisions. §768.28(5), *Fla. Stat.* ("Notwithstanding the limited waiver of

sovereign immunity provided herein. . ."). This waiver of sovereign immunity is "only to the extent specified in this act." §768.28(1), *Fla. Stat.*; *Dukanauskas v. Metropolitan Dade County,* 378 So.2d 74, 76 (Fla. 3rd DCA 1979).  One limitation is that there is a cap on damages that the entity can be required to pay, without further action by the Legislature. §768.28(5), *Fla. Stat.*

Another limitation is that to invoke the waiver, there are certain conditions precedent that must be fulfilled. §768.28(6)(b), *Fla. Stat.*  One is that, although the statute of limitations on negligence lawsuits against governmental entities is four years, a notice of the specific claim of the potential plaintiff must be presented to the entity within three (3) years of the date that the claim accrues. §768.28(6)(a) & (14), *Fla. Stat.* The agency then has six months to review and investigate the claim.  If no action is taken by the agency to resolve the claim in six months, it will be deemed a denial of the claim. §768.28(6)(d), *Fla. Stat.*  However, the statute makes it clear that "the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action . . ." §768.28(6)(b), *Fla. Stat.*

It is axiomatic that the complaint must contain allegations that notice has been given prior to filing suit. *Levine v. Dade County School Board,* 442 So.2d 210, 213 (Fla. 1983)("Under section 768.28(6), not only must the notice be given before suit may be maintained, but also the complaint must contain an allegation of such notice."); *Comm. Carrier Corp. v. Indian River County*, 371 So.2d 1010, 1022 (Fla. 1979).  Since this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed. *Levine,* 442 So. 2d at 212.  Failure to comply with this condition precedent to suit is a viable defense to suit that can be raised at any time prior to or even during a trial. *Menendez v. North Broward Hospital District*, 537 So. 2d 89, 91 (Fla. 1989).  It can be decided on a motion to dismiss. *Broward County School Board v. Joseph*, 756 So. 2d 1077 (Fla. 4th DCA 2000).

Moreover, pursuant to *Fla. R. Civ. P.* 1.130(a) all documents upon which an action may be brought **"shall be incorporated or attached to the pleading"** (*emphasis supplied*). "One of the ways to reach a failure to attach a necessary exhibit is by motion to dismiss." *Safeco Insurance Company of America v. Ware*, 401 So. 2d 1129 (Fla. 4th DCA 1981) (citing *Trawick, Florida Practice & Procedure §6-15* (1980)).

Plaintiff is seeking to invoke the waiver of sovereign immunity in this action against City. Therefore, Plaintiff must attach the notice pursuant to § 768.28, *Fla. Stat.* to the Complaint to demonstrate compliance with the pre-suit notice requirements. Failure to allege or attach the notice justifies dismissal of the Complaint. Plaintiff alleges that he provided the City with written notice, but a copy of same is not attached to the Complaint. Therefore, the Complaint should be dismissed for failure to attach the required notice.

WHEREFORE, Defendant, City of Margate respectfully requests that this Honorable Court enter an order quashing Plaintiff, Derrian Geathers' Summons upon the City, dismissing Plaintiff's Complaint against the City, and entering any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 10<u>th</u> day of <u>August</u>, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: <u>service_LHR@rrbpa.com</u>
Email: <u>lreynolds@rrbpa.com</u>
Attorneys for Defendants

<u>/s/ Lyman H. Reynolds, Jr.</u>
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:           GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:        CACE-20-009934 (21)
OUR FILE NO.:    20-498

### COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
        bsmith@rrbpa.com
FBN: 380687

Filing # 111545002 E-Filed 08/10/2020 03:26:32 PM

20-498/jhl/trt

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

        Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

        Defendants,

_____/

### CITY'S NOTICE OF FILING EXHIBITS TO MOTION TO DISMISS

COMES NOW, Defendant, City of Margate, by and through the undersigned counsel, and

files this, its Notice of Filing Exhibits to Motion to Dismiss and requests that the Clerk accept the

same for filing:

    1.    Exhibits to City of Margate's Motion to Quash Service of Process and Motion to

Dismiss Complaint.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 10<u>th</u> day of <u>August</u>, 2020.

> **ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
> 470 Columbia Drive, Bldg. C101
> West Palm Beach, FL  33409
> Phone: 561-688-6560/Fax: 561-688-2343
> E-Service: <u>service_LHR@rrbpa.com</u>
> Email: <u>lreynolds@rrbpa.com</u>
> Attorneys for Defendants
>
> <u>*/s/ Lyman H. Reynolds, Jr.*</u>
> LYMAN H. REYNOLDS, JR.
> Florida Bar No: 380687

STYLE:            GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:       CACE-20-009934 (21)
OUR FILE NO.:    20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

                Plaintiff,                      CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

                Defendants.

_____/

### COMPLAINT

Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE

("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and

Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

1.      This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00)

exclusive of interest and cost.

2.      That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a

resident of Broward County, Florida and otherwise sui juris.

3.      That at all times material hereto, Defendant, CITY OF MARGATE is a political

division of the state of Florida in which this Court sits.

4.      That at all times material hereto, Defendant, MARGATE POLICE

DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE

DEPARTMENT was a Constitutional Officer of the State of Florida.

5.      That at all times material hereto, Defendant MARGATE POLICE



DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8.      That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9.      That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10.     On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11.     Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12.     Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13.     Venue is proper in this district because it is where the events complained of occurred.

14.     This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

## FACTS

15.     That at all times material hereto, as part of Police Department's operation, Speziale is and was employed as a police officer and Police Department is responsible for the actions of Speziale as alleged below.

16.     That on or about February 25, 2019, Speziale was on road patrol.

17.     Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that the tag check revealed that the registered owner of the vehicle had a suspended license.

18.     Speziale put this claim in his report.

19.     Speziale had no reason or suspicion to run Plaintiff's tag.

20.     There was no reason for Speziale to stop Plaintiff.

21.     Speziale did not know if Plaintiff, who was the driver of the vehicle was the registered owner of the vehicle.

22.     Speziale did not know if Plaintiff had a suspended driver's license.

23.     Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.     Speziale determined that Plaintiff was the registered owner of the vehicle after the traffic stop.

25.     Speziale then placed Plaintiff in handcuffs and arrested him.

26.     Speziale claimed in his report that Plaintiff had three prior convictions for driving with a suspended license.

Page **3** of **8**

27.     Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.     Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.     Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.     Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.     Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.     The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.     On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.     The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.     Speziale had no lawful reason to arrest Plaintiff.

## COUNT I – STATE TORT OF FALSE IMPRISONMENT
## <u>AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT</u>

36.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37.     City operated Police Department.

38.     Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39.     City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40.     As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41.     On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42.     On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43.     On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44.     On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45.     On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46.     On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

Page **5** of **8**

prosecuted for a crime he did not commit.

47.     Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.     The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.     As a result of the actions of Speziale, Plaintiff suffered damages.

50.     Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.     Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.     As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II– 42 U.S.C. § 1983
## FOURTH AMENDMENT VIOLATION FOR FALSE ARREST
## AGAINST OFFICER ADAM SPEZIALE

53.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.     While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.     Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.     Plaintiff suffered damages as a result of being falsely arrested.

57.     The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

**Yeboah Law Group, P.A.**
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

                Plaintiff,                CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

                Defendants.

_____/

**EXHIBIT B**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon Defendant:

**MARGATE POLICE DEPARTMENT**
**5790 MARGATE BLVD.**
**MARGATE, FL 33063**

**PLEASE READ CAREFULLY**

    Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE, Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on _____ JUN 18 2020

                                BRENDA FORMAN
                                As Clerk of the Court

                By: _____
                    As Deputy Clerk BRENDA D. FORMAN

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

Filing # 111545002 E-Filed 08/10/2020 03:26:32 PM

20-498/jhl/trt

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

               Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

               Defendants,

_____/

## MARGATE POLICE DEPARTMENT'S NOTICE OF FILING EXHIBITS TO MOTION TO DISMISS

      COMES NOW, Defendant, Margate Police Department, by and through the undersigned

counsel, and files this, its Notice of Filing Exhibits to Motion to Dismiss and requests that the

Clerk accept the same for filing:

      1.     Exhibits to Margate Police Department's Motion to Quash Service of Process and

Motion to Dismiss Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 10<u>th</u> day of <u>August</u>, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:              GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:           CACE-20-009934 (21)
OUR FILE NO.:       20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
         bsmith@rrbpa.com
FBN: 380687

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

        Plaintiff,                        CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

        Defendants.

_____/

## COMPLAINT

Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE ("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) exclusive of interest and cost.

2.     That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a resident of Broward County, Florida and otherwise sui juris.

3.     That at all times material hereto, Defendant, CITY OF MARGATE is a political division of the state of Florida in which this Court sits.

4.     That at all times material hereto, Defendant, MARGATE POLICE DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE DEPARTMENT was a Constitutional Officer of the State of Florida.

5.     That at all times material hereto, Defendant MARGATE POLICE

Page 1 of 8

EXHIBIT

DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6. That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7. That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8. That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9. That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10. On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11. Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12. Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13. Venue is proper in this district because it is where the events complained of occurred.

14.    This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

## FACTS

15.    That at all times material hereto, as part of Police Department's operation, Speziale is and was employed as a police officer and Police Department is responsible for the actions of Speziale as alleged below.

16.    That on or about February 25, 2019, Speziale was on road patrol.

17.    Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that the tag check revealed that the registered owner of the vehicle had a suspended license.

18.    Speziale put this claim in his report.

19.    Speziale had no reason or suspicion to run Plaintiff's tag.

20.    There was no reason for Speziale to stop Plaintiff.

21.    Speziale did not know if Plaintiff, who was the driver of the vehicle was the registered owner of the vehicle.

22.    Speziale did not know if Plaintiff had a suspended driver's license.

23.    Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.    Speziale determined that Plaintiff was the registered owner of the vehicle after the traffic stop.

25.    Speziale then placed Plaintiff in handcuffs and arrested him.

26.    Speziale claimed in his report that Plaintiff had three prior convictions for driving with a suspended license.

27.   Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.   Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.   Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.   Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.   Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.   The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.   On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.   The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.   Speziale had no lawful reason to arrest Plaintiff.

**COUNT I – STATE TORT OF FALSE IMPRISONMENT**
**AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT**

36.   Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37.   City operated Police Department.

38.   Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39.   City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40.   As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41.   On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42.   On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43.   On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44.   On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45.   On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46.   On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

prosecuted for a crime he did not commit.

47.     Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.     The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.     As a result of the actions of Speziale, Plaintiff suffered damages.

50.     Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.     Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.     As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II– 42 U.S.C. § 1983
## FOURTH AMENDMENT VIOLATION FOR FALSE ARREST
## AGAINST OFFICER ADAM SPEZIALE

53.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.     While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.     Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.     Plaintiff suffered damages as a result of being falsely arrested.

57.     The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

**Yeboah Law Group, P.A.**
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

Page 7 of 8

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DEBRA LYN GEATHERS,

Plaintiff,

CASE NO:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

Defendants.

_____

**SUMMONS**

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
Petition in the above-styled cause upon Defendant:

MARGATE POLICE DEPARTMENT
5790 MARGATE BLVD.
MARGATE, FL 33063

**PLEASE READ CAREFULLY:**

Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL
YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 1890 SE 4th AVE,
Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this
court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on _____ JUN 18 2020

BRENDA FORMAN
As Clerk of the Court

By: _____
As Deputy Clerk BRENDA D. FORMAN

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who
needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Laura
Falchi, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 270, Fort Lauderdale,
Florida 33301, or at (954) 831-6164. This line can accommodate voice or TDD transmissions for the hearing or
voice impaired.



20-498/jhl/trt

**IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

        Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

        Defendants,

_____/

## <u>CITY'S AMENDED NOTICE OF FILING EXHIBITS TO MOTION TO DISMISS (TO CORRECT SCRIVENER'S ERROR)</u>

    COMES NOW, Defendant, City of Margate, by and through the undersigned counsel, and files this, its Amended Notice of Filing Exhibits to Motion to Dismiss and requests that the Clerk accept the same for filing:

    1.    Exhibits to City of Margate's Motion to Quash Service of Process and Motion to Dismiss Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 10th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:           GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:        CACE-20-009934 (21)
OUR FILE NO.:    20-498

## **COUNSEL LIST**

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687

Case Number: CACE-20-009954 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

                    Plaintiff,                  CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

                    Defendants.

_____/

## COMPLAINT

Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE ("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

1.      This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) exclusive of interest and cost.

2.      That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a resident of Broward County, Florida and otherwise sui juris.

3.      That at all times material hereto, Defendant, CITY OF MARGATE is a political division of the state of Florida in which this Court sits.

4.      That at all times material hereto, Defendant, MARGATE POLICE DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE DEPARTMENT was a Constitutional Officer of the State of Florida.

5.      That at all times material hereto, Defendant MARGATE POLICE

EXHIBIT
A

DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6. That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7. That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8. That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9. That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10. On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11. Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12. Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13. Venue is proper in this district because it is where the events complained of occurred.

14.    This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based

on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law

with regard to the facts stated below.

## FACTS

15.    That at all times material hereto, as part of Police Department's operation,

Speziale is and was employed as a police officer and Police Department is responsible for the

actions of Speziale as alleged below.

16.    That on or about February 25, 2019, Speziale was on road patrol.

17.    Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that

the tag check revealed that the registered owner of the vehicle had a suspended license.

18.    Speziale put this claim in his report.

19.    Speziale had no reason or suspicion to run Plaintiff's tag.

20.    There was no reason for Speziale to stop Plaintiff.

21.    Speziale did not know if Plaintiff, who was the driver of the vehicle was the

registered owner of the vehicle.

22.    Speziale did not know if Plaintiff had a suspended driver's license.

23.    Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.    Speziale determined that Plaintiff was the registered owner of the vehicle after the

traffic stop.

25.    Speziale then placed Plaintiff in handcuffs and arrested him.

26.    Speziale claimed in his report that Plaintiff had three prior convictions for driving

with a suspended license.

27.     Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.     Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.     Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.     Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.     Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.     The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.     On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.     The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.     Speziale had no lawful reason to arrest Plaintiff.

## COUNT I – STATE TORT OF FALSE IMPRISONMENT
## AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT

36.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37.     City operated Police Department.

38.     Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39.     City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40.     As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41.     On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42.     On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43.     On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44.     On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45.     On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46.     On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

prosecuted for a crime he did not commit.

47.    Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.    The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.    As a result of the actions of Speziale, Plaintiff suffered damages.

50.    Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.    Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.    As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II– 42 U.S.C. § 1983
## FOURTH AMENDMENT VIOLATION FOR FALSE ARREST
## AGAINST OFFICER ADAM SPEZIALE

53.    Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.    While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.    Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.    Plaintiff suffered damages as a result of being falsely arrested.

57.    The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

Yeboah Law Group, P.A.
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974





Filing # 111555364 E-Filed 08/10/2020 04:41:16 PM

20-498/jhl/trt

**IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-009934 (21)**

DERRIAN GEATHERS,

          Plaintiff,

vs.

CITY OF MARGATE, MARGATE POLICE
DEPARTMENT, and ADAM SPEZIALE,

          Defendants,

_____/

## MARGATE POLICE DEPARTMENT'S AMENDED NOTICE OF FILING EXHIBITS TO MOTION TO DISMISS (TO CORRECT SCRIVENER'S ERROR)

COMES NOW, Defendant, Margate Police Department, by and through the undersigned

counsel, and files this, its Amended Notice of Filing Exhibits to Motion to Dismiss and requests

that the Clerk accept the same for filing:

    1.    Exhibits to Margate Police Department's Motion to Quash Service of Process and

Motion to Dismiss Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 10th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

*/s/ Lyman H. Reynolds, Jr.*
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:   GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:  CACE-20-009934 (21)
OUR FILE NO.: 20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
   bsmith@rrbpa.com
FBN: 380687

Case Number: CACE-20-009954 Division: 21

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

                      Plaintiff,                         CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE

                      Defendants.

_____/

## COMPLAINT

    Plaintiff, DERRIAN GEATHERS ("Plaintiff"), sues Defendant, CITY OF MARGATE

("City"), Defendant, MARGATE POLICE DEPARTMENT ("Police Department") and

Defendant, ADAM SPEZIALE ("Speziale"), and alleges as follows:

### JURISDICTION & VENUE

    1.       This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00)

exclusive of interest and cost.

    2.       That at all times material hereto, the Plaintiff, DERRIAN GEATHERS, was a

resident of Broward County, Florida and otherwise sui juris.

    3.       That at all times material hereto, Defendant, CITY OF MARGATE is a political

division of the state of Florida in which this Court sits.

    4.       That at all times material hereto, Defendant, MARGATE POLICE

DEPARTMENT is and was an agency of the State of Florida and/or the MARGATE POLICE

DEPARTMENT was a Constitutional Officer of the State of Florida.

    5.       That at all times material hereto, Defendant MARGATE POLICE



EXHIBIT

A

DEPARTMENT, employed Defendant, ADAM SPEZIALE as a police officer.

6.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a certified law enforcement officer in the State of Florida.

7.      That at all times material hereto, Defendant, ADAM SPEZIALE, was a duly appointed police officer of Defendant, MARGATE POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, MARGATE POLICE DEPARTMENT.

8.      That at all times material hereto, Defendant, ADAM SPEZIALE, acted within the course and scope of his employment as a police officer for Defendant, MARGATE POLICE DEPARTMENT.

9.      That at all times material hereto, Defendant, ADAM SPEZIALE, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10.     On May 7, 2019, Plaintiff, DERRIAN GEATHERS, furnished the City of MARGATE with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11.     Also on May 7, 2019, Plaintiff DERRIAN GEATHERS, furnished Florida Sheriff's Risk Management a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12.     Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28 prior to filing this civil action.

13.     Venue is proper in this district because it is where the events complained of occurred.

14.    This complaint is brought pursuant to 42 U.S.C. § 1983 and jurisdiction is based on 28 U.S.C. Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

## FACTS

15.    That at all times material hereto, as part of Police Department's operation, Speziale is and was employed as a police officer and Police Department is responsible for the actions of Speziale as alleged below.

16.    That on or about February 25, 2019, Speziale was on road patrol.

17.    Speziale ran a tag check on the vehicle that Plaintiff was driving and claimed that the tag check revealed that the registered owner of the vehicle had a suspended license.

18.    Speziale put this claim in his report.

19.    Speziale had no reason or suspicion to run Plaintiff's tag.

20.    There was no reason for Speziale to stop Plaintiff.

21.    Speziale did not know if Plaintiff, who was the driver of the vehicle was the registered owner of the vehicle.

22.    Speziale did not know if Plaintiff had a suspended driver's license.

23.    Speziale conducted a traffic stop on the vehicle Plaintiff was driving.

24.    Speziale determined that Plaintiff was the registered owner of the vehicle after the traffic stop.

25.    Speziale then placed Plaintiff in handcuffs and arrested him.

26.    Speziale claimed in his report that Plaintiff had three prior convictions for driving with a suspended license.

27.　Speziale had the option of writing Plaintiff a citation or giving Plaintiff a notice to appear but decided to physically arrest Plaintiff.

28.　Speziale should have charged Plaintiff, if at all, with misdemeanor driving while license suspended due to Plaintiff's lack of criminal history but instead charged Plaintiff with the more punitive felony driving while license suspended.

29.　Plaintiff was booked into jail and had to stay in jail as a result of this charge.

30.　Plaintiff's driver's license was not suspended, cancelled, nor revoked at the time of his arrest on February 25, 2019.

31.　Plaintiff's driver's license has never been suspended, cancelled, nor revoked.

32.　The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

33.　On March 20, 2019, a mere twenty-three (23) days after the Plaintiff's arrest, the Assistant State Attorney assigned to handle the file outright dropped the case, so the charges were never even filed.

34.　The Office of the State Attorney in the Seventeenth Judicial District of Florida declined to file the case because Plaintiff did not have a suspended, cancelled, or revoked driver's license on September 20, 2016, nor did he ever have a suspended cancelled, or revoked driver's license.

35.　Speziale had no lawful reason to arrest Plaintiff.

## COUNT I – STATE TORT OF FALSE IMPRISONMENT
## <u>AGAINST CITY OF MARGATE AND MARGATE POLICE DEPARTMENT</u>

36.　Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

37.     City operated Police Department.

38.     Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

39.     City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

40.     As part of its operation, Police Department, employed at all times material hereto, Speziale as a police officer and is therefore responsible for the actions of Speziale as alleged below.

41.     On or about September 20, 2016, Speziale, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

42.     On or about September 20, 2016, Plaintiff was arrested by Speziale acting in the course and scope of his duties as a police officer.

43.     On or about September 20, 2016, Speziale restrained Plaintiff with the purpose of causing the restraint.

44.     On or about September 20, 2016, Speziale held Plaintiff against his will and Plaintiff did not consent to the restraint.

45.     On or about September 20, 2016, and subsequent dates thereafter, due to Speziale's actions, Plaintiff was not free and did not reasonably believe he was free to leave the place to which he had been confined.

46.     On or about September 20, 2016, and subsequent dates thereafter, Speziale caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of his liberty, and be

prosecuted for a crime he did not commit.

47.     Such seizure physically deprived Plaintiff of his right to freedom and liberty.

48.     The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

49.     As a result of the actions of Speziale, Plaintiff suffered damages.

50.     Vicarious liability should be imposed on City and Police Department for Speziale's acts of false arrest to the extent allowed by law.

51.     Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

52.     As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to his reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, CITY OF MARGATE and Defendant MARGATE POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

**COUNT II– 42 U.S.C. § 1983**
**FOURTH AMENDMENT VIOLATION FOR FALSE ARREST**
**AGAINST OFFICER ADAM SPEZIALE**

53.     Plaintiff reaffirms and realleges paragraphs one (1) through thirty-six (36) as fully set forth herein.

54.     While Speziale while acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the United States Constitution.

55.     Speziale unlawfully and without probable cause seized and arrested Plaintiff.

56.     Plaintiff suffered damages as a result of being falsely arrested.

57.     The conduct of Speziale violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, DERRIAN GEATHERS, demands judgment against the Defendant, ADAM SPEZIALE, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 17th day of June 2020.

Yeboah Law Group, P.A.
100 S.E. 3rd Avenue, Suite 1350
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Filing # 109001397 E-Filed 06/17/2020 02:13:22 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DERRIAN GEATHERS,

Plaintiff,                                          CASE NO.:

vs.

CITY OF MARGATE, MARGATE
POLICE DEPARTMENT, and ADAM SPEZIALE,

Defendants.

_____/

**EXHIBIT**
**B**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or
Petition in the above-styled cause upon Defendant:

**MARGATE POLICE DEPARTMENT**
**5790 MARGATE BLVD.**
**MARGATE, FL 33063**

**PLEASE READ CAREFULLY**

Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL
YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE,
Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this
court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated on _____ JUN 18 2020 .

BRENDA FORMAN
As Clerk of the Court

By: _____
As Deputy Clerk **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a disability who
needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Within two (2) working days of your receipt of this summons, please contact Lauren
Failla, ADA Coordinator, in the Administrative Office of the Court, 201 SE 6th Street, Room 275, Fort Lauderdale,
Florida 33301, or at (954) 831-6364. This line can accommodate voice or TDD transmissions for the hearing or
voice impaired.

20-498/jhl/smc

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**DERRIAN GEATHERS**,

      Plaintiff,

vs.

**CITY OF MARGATE, MARGATE POLICE DEPARTMENT**, and **ADAM SPEZIALE**,

      Defendants,

_____/

### DEFENDANT, ADAM SPEZIALE'S CONSENT TO REMOVAL

Pursuant to 28 U.S.C. §1441, the undersigned, as counsel of record for the Defendant,

Adam Speziale hereby represents that the Defendant, Adam Speziale, consents to removal of this

civil action from the Circuit Court of the Seventeenth Judicial Circuit Court in and for Broward

County, Florida, Case No: CACE-20-009934 to the United States District Court for the Southern

District of Florida, Fort Lauderdale Division.

                                        Respectfully submitted,

                                        _____

                                        LYMAN H. REYNOLDS, JR., ESQ.
                                        Florida Bar No: 380687
                                        Roberts, Reynolds, Bedard & Tuzzio, PLLC
                                        470 Columbia Dr., Bldg. C101
                                        West Palm Beach, FL 33409
                                        Phone: 561-688-6560/Fax: 561-688-2343
                                        E-Service: service_LHR@rrbpa.com
                                                          lreynolds@rrbpa.com
                                        Email: lreynolds@rrbpa.com
                                                        bsmith@rrbpa.com
                                        Attorneys for Defendants



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 11th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:            GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:         CACE-20-009934 (21)
OUR FILE NO.:     20-498

**<u>COUNSEL LIST</u>**

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: <u>service@yeboahlawgroup.com</u>
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: <u>service_LHR@rrbpa.com</u>
EMAIL: <u>lreynolds@rrbpa.com</u>
         <u>bsmith@rrbpa.com</u>
FBN: 380687

20-498/jhl/smc

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**DERRIAN GEATHERS**,

        Plaintiff,

vs.

**CITY OF MARGATE, MARGATE POLICE
DEPARTMENT**, and **ADAM SPEZIALE**,

        Defendants,

_____/

### DEFENDANT, MARGATE POLICE DEPARTMENT'S CONSENT TO REMOVAL

     Pursuant to 28 U.S.C. §1441, the undersigned, as counsel of record for the Defendant,

Margate Police Department, hereby represents that the Defendant, Margate Police Department,

consents to removal of this civil action from the Circuit Court of the Seventeenth Judicial Circuit

Court in and for Broward County, Florida, Case No: CACE-20-009934 to the United States

District Court for the Southern District of Florida, Fort Lauderdale Division[1].

                    Respectfully submitted,

                    LYMAN H. REYNOLDS, JR., ESQ.
                    Florida Bar No: 380687
                    Roberts, Reynolds, Bedard & Tuzzio, PLLC
                    470 Columbia Dr., Bldg. C101
                    West Palm Beach, FL 33409
                    Phone: 561-688-6560/Fax: 561-688-2343
                    E-Service: service_LHR@rrbpa.com
                                  lreynolds@rrbpa.com
                    Email: lreynolds@rrbpa.com
                                  bsmith@rrbpa.com
                    Attorneys for Defendants

---

[1]    By filing this Consent to Removal, this Defendant does not otherwise consent to propriety of service of process or that it is a proper party Defendant in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 11<u>th</u> day of <u>August,</u> 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: <u>service_LHR@rrbpa.com</u>
Email: <u>lreynolds@rrbpa.com</u>
Attorneys for Defendants

LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:              GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:           CACE-20-009934 (21)
OUR FILE NO.:       20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
         bsmith@rrbpa.com
FBN: 380687

20-498/jhl/smc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

**DERRIAN GEATHERS**,

    Plaintiff,

vs.

**CITY OF MARGATE, MARGATE POLICE
DEPARTMENT**, and **ADAM SPEZIALE**,

    Defendants,

_____/

**DEFENDANT, CITY OF MARGATE'S CONSENT TO REMOVAL**

Pursuant to 28 U.S.C. §1441, the undersigned, as counsel of record for the Defendant, City of Margate, hereby represents that the Defendant, City of Margate, consents to removal of this civil action from the Circuit Court of the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No: CACE-20-009934 to the United States District Court for the Southern District of Florida, Fort Lauderdale Division[1].

       Respectfully submitted,

       _____
       LYMAN H. REYNOLDS, JR., ESQ.
       Florida Bar No: 380687
       Roberts, Reynolds, Bedard & Tuzzio, PLLC
       470 Columbia Dr., Bldg. C101
       West Palm Beach, FL 33409
       Phone: 561-688-6560/Fax: 561-688-2343
       E-Service: service_LHR@rrbpa.com
            lreynolds@rrbpa.com
       Email: lreynolds@rrbpa.com
          bsmith@rrbpa.com
       Attorneys for Defendants

---

[1]  By filing this Consent to Removal, this Defendant does not otherwise consent to propriety of service of process.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service

to all parties on the attached Counsel List this 11th day of August, 2020.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants

_____

LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          GEATHERS v. CITY OF MARGATE, ET AL.
CASE NO.:    CACE-20-009934 (21)

OUR FILE NO.:      20-498

## COUNSEL LIST

SAMUEL YEBOAH, ESQ.
Yeboah Law Group, P.A.
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33394
Counsel for Plaintiff
PHONE: 954-764-2338
FAX: 954-764-2339
E-SERVICE: service@yeboahlawgroup.com
EMAIL:
FBN: 622974

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687